FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2010 OCT -4 PM 3:

R. Cook
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WARREN SKILLERN,

    Plaintiff,

v.

Guard CASTON and
Lt. HARPER,

    Defendants.

CIVIL ACTION NO.: CV610-065

## MAGISTRATE JUDGE'S ORDER and REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Georgia State Prison in Reidsville, Georgia, has filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement. Plaintiff filed a motion to proceed in forma pauperis in this action.

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

AO 72A
(Rev. 8/82)

28 U.S.C. § 1915(g). This provision of the PLRA "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).

A review of Plaintiff's history of filings reveals that he has brought at least three civil actions or appeals which were dismissed and count as strikes under § 1915(g): (1) Skillern v. Gault, No. 02-13176-A (11th Cir. Aug. 27, 2002) (appeal dismissed as frivolous); (2) Skillern v. Georgia Department of Corrections, CV202-64 (N.D. Ga. Sept. 4, 2002) (dismissed for failing to state a claim); and (3) Skillern v. Moss, No. 03-10500-I (11th Cir. June 3, 2003) (appeal dismissed as frivolous).

The Eleventh Circuit upheld the constitutionality of section 1915(g) in Rivera. In so doing, the Court concluded that section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721-27. Because Plaintiff has filed three previously dismissed cases or appeals which qualify as strikes under section 1915(g), Plaintiff may not proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).

Plaintiff cannot claim that he should be excused from prepaying the filing fee because of the "imminent danger of serious physical injury" exception to § 1915(g). In order to come within the imminent danger exception, the inmate must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). As noted by the Court, "a prisoner's allegation that he faced imminent

danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to the statute." Id.

In his Complaint, Plaintiff asserts that Defendant Caston threatens to assault Plaintiff at his "first opportunity." (Doc. No. 1, p. 1). Plaintiff also asserts that Defendant Caston has threatened to harm Plaintiff's family. Plaintiff contends that Defendant Caston knocks so hard on the food service box on his cell door that it "startles" him and causes chest pains. (Id.). Plaintiff alleges that Defendant Caston falsely accused him of calling Defendant Caston a derogatory name in an effort to issue a disciplinary report against Plaintiff. Plaintiff contends that Defendant Caston's misconduct "stresses him" and "taxes [his] weak heart", which causes him to have to take nitroglycerin and to fear he will have another heart attack "that doctors prognosticate."[1] (Id.). Finally, Plaintiff contends that he has made several written complaints to Defendant Harper about Defendant Caston's behavior, to no avail.

At the time he filed his Complaint, Plaintiff had brought at least three cases or appeals which constitute strikes under § 1915(g). Plaintiff has not shown how he was in imminent danger of serious physical injury at the time he filed his Complaint[2], which was filed on July 20, 2010. Plaintiff should not be considered to meet the exception to the three strikes rule.[3] The Court's July 26, 2010, Order permitting Plaintiff to proceed in

---

[1] In his Amended Complaint in Case Number CV610-14, Plaintiff asserted that "doctors prognosticate[d]" that he would have another heart attack due to the stress the defendants' "illicit conduct cause[d]." (Doc. No. 2). Plaintiff was not found to be in imminent danger of serious physical harm at the time he filed his Complaint in Case Number CV610-14.

[2] Plaintiff filed a "Notice of Additional Claim" in which he alleges Defendant Caston assaulted him on August 8, 2010. Even accepting this assertion as true, Plaintiff fails to show how he was in imminent danger of serious physical injury at the time he filed his Complaint.

3

forma pauperis is **vacated**. Plaintiff's request to proceed in forma pauperis is **DENIED**, and this case should be **DISMISSED**. If Plaintiff wishes to proceed with this action, he should be required to resubmit his complaint along with the full filing fee.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 4th day of October, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[3] The Eleventh Circuit Court of Appeals determined that Plaintiff's "vague statements" asserted in Case Number CV606-6 did not satisfy the dictates of section 1915(g). (Doc. No. 22). The same should be no less true in this case.